GUADALUPE ANAYA ET AL., Plaintiffs and Appellees, *v.* HEIRS OF HARRY A. McCORMICK HARTMAN ET AL., Defendants and Appellants.

No. 6126. Argued June 13, 1933.—Decided November 24, 1933.

R. H. Blondet for appellant.   Luis Muñoz Morales for appellees.

Mr. Justice Hutchison delivered the opinion of the Court.

In April 1930, plaintiffs obtained judgment in a filiation suit brought against a large number of defendants alleged upon information and belief to be the testamentary heirs and legatees of Harry A. McCormick Hartman. Eduardo Otto McCormick Hartman, and his minor children, Hortensia, Eduardo, William, Josefina, and Dolores McCormick Dalman were some of the defendants named in the complaint. During the progress of the trial counsel for these and all but one of the other defendants announced that their opposition had been merely technical and in view of the evidence introduced by plaintiffs they would acquiesce in plaintiffs' demand and make no further defense. The one defendant who did not abandon her defense appealed from the judgment but abandoned her appeal in May 1931.

In a motion filed in May 1932, Hortensia Dalmau de Mc Cormick set forth: That Harry A. McCormick Hartman had died October 17, 1927; that he had named as his heirs among others his nephews, the children of Eduardo Otto McCormick and Hortensia Dalmau de McCormick; that he was survived by one of these nephews, Jorge McCormick Dalmau; that Jorge McCormick Dalmau died February 4, 1928, and in February 1930 his parents Eduardo Otto McCormick and Hortensia Dalmau de McCormick were adjudged to be his universal heirs; that neither Hortensia Dalmau de McCormick nor Jorge McCormick Dalmau had been made a defendant or served with a summons in the filiation suit; that judgment had been rendered in that suit without jurisdiction and without due process of law; that the said Hortensia Dalmau de McCormick was entitled to be heard and desired to be heard in defense of her rights; and that she had stated to her attorney all the facts in the case and he had advised

her, after making a study of the case, that she had a good, just, and reasonable defense. On this showing Hortensia Dalmau de McCormick demanded that the judgment be set aside and that she be permitted to plead as she might be advised in defense of her rights. The present appeal is from an order overruling this motion.

The filiation suit was commenced in April 1928, after the death of Jorge McCormick Dalmau and some two years before the declaration of heirship in favor of his parents. This declaration of heirship was obtained some two months before judgment in the filiation suit. The motion to set aside that judgment filed more than two years after rendition thereof, was subscribed by the same attorney who in behalf of Eduardo Otto McCormick and his children had announced in open court that they had no defense. In the absence of anything to show that Hortensia Dalmau McCormick was in any better position than that of her husband and children, or that her attorney had been mistaken in his conclusion as counsel for the husband and children that they had no defense, the closing statement of the motion in the stereotyped phraseology of an affidavit of merits leaves much to be desired. If she really desired an opportunity to be heard in defense of her rights, there was nothing to prevent her from applying to the court for leave to intervene at any time during the long period that elapsed between the filing of the suit and the date of the trial. The motion, so far as it may be regarded as a motion for leave to intervene, came too late, of course, after judgment.

In any event, assuming for the sake of argument that appellant was a necessary party and that the judgment was an absolute nullity, the motion to set aside that judgment was addressed to the sound discretion of the district court and, in the circumstances above outlined, we find no abuse of that discretion.

What we have said disposes of the first and second assignments. The brief for appellees contains a sufficient answer to the third and fourth.

The order appealed from must be affirmed.

Mr. Justice Wolf concurs in the result.